IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cr-20005-SHL-tmp |
| v. | ) | |
| | ) | |
| KISHA JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the court by order of reference is defendant Kisha Jackson's Motion to Suppress. (ECF Nos. 510 & 516.) Because the government does not oppose the motion, the court finds that an evidentiary hearing is not necessary. (ECF No. 523.) For the following reasons, it is recommended that the motion be granted.

Jackson asserts that on September 11, 2017, at approximately 6:07 a.m., federal agents executed a search warrant at her home, located at 3035 Ashwood Street, Memphis, Tennessee. (ECF No. 510-1 at 1.) Jackson was detained inside the residence during the execution of the search warrant. When agents attempted to interview her, she "refused to answer the agents' questions and immediately requested an attorney." (Id.) Approximately one hour later, agents again approached Jackson and interrogated her, even though she did not initiate communications with the agents and did not have an attorney present. She subsequently signed a Miranda waiver and gave a statement. (Id.)

The Fifth Amendment provides, in relevant part, that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  "[I]ndispensable to the protection of the Fifth Amendment privilege" is the right to have counsel present during an interrogation. Miranda v. Arizona, 384 U.S. 436, 470 (1966); see also Rogers v. Kerns, 485 F. App'x 24, 30 (6th Cir. 2012).  The Fifth Amendment thus "requires law enforcement to advise a suspect before custodial interrogation that the suspect 'has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.'" United States v. Villa-Castaneda, No. 18-5136, 2018 WL 5817074, at *3 (6th Cir. Nov. 6, 2018) (quoting Miranda, 384 U.S. at 444).  Waiver of these rights must be voluntary, knowing, and intelligent. Id.; see also Edwards v. Arizona, 451 U.S. 477, 482 (1981).  To effectively invoke the right to counsel, a suspect must unambiguously articulate her desire to have counsel present, i.e., with a level of clarity such that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. Weissert v. Palmer, 699 F. App'x 534, 540 (6th Cir. 2017); see also Davis v. United States, 512 U.S. 452, 459 (1994).  Once such invocation is made, "[p]olice may not initiate further investigation of a suspect without counsel present." Berry v. Warden, S. Ohio Corr. Facility, 872 F.3d 329, 333 (6th Cir.

2017) (citing Edwards, 451 U.S. at 484-85).  A statement made after
invoking the right to counsel is admissible only "if (1) the
suspect, as opposed to the officers, initiates the interrogation
with the police and (2) the suspect waives her right to counsel."
Bachynski v. Stewart, 813 F.3d 241, 246 (6th Cir. 2015) (citing
Smith v. Illinois, 469 U.S. 91, 94-95 (1984) (per curiam)).  Both
requirements are necessary: a subsequent waiver of the right to
counsel is ineffective where the police improperly re-initiate
interrogation.  See United States v. Webb, 755 F.2d 382, 390 (5th
Cir. 1985).  Thus, unless these two requirements are satisfied, an
individual who unequivocally invokes the right to counsel is
entitled to "suppression of any (1) statement, Pennsylvania v.
Muniz, 496 U.S. 582, 589 (1990), (2) made while in custody, United
States v. Salvo, 133 F.3d 943, 948 (6th Cir. 1998), and (3) in
response to interrogation, Rhode Island v. Innis, 446 U.S. 291,
300-02 (1980)."  United States v. Ray, 632 F. App'x 260, 262 (6th
Cir. 2016) (Mem).

    The government does not oppose the motion to suppress, and
states in its response that it "will not introduce statements that
Jackson made to law enforcement on September 11, 2017, during the
execution of the search warrant at 3035 Ashwood Street."  (ECF No.
523 at 1.)  Based on the government's admission that the agents
violated Jackson's Fifth Amendment right to counsel, the motion to
suppress should be granted and any statement that Jackson made to

law enforcement during the execution of the search warrant at her residence should be suppressed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 28, 2019
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**